Case 2:19-cv-00231 Document 18 Filed on 01/24/20 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORY SWANK FORBES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-231 |
| | § | |
| THE GEO GROUP, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Gregory Swank Forbes, a federal prisoner currently confined at the Federal Correctional Institution in Texarkana, Texas (FCI-Texarkana), has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned recommends that Plaintiff's Eighth Amendment claims against Defendants be **DISMISSED with prejudice** for failure to state a claim. It is further respectfully recommended that Plaintiff's state law claims of negligence against Defendants be **DISMISSED** for lack of diversity jurisdiction and on the basis that the Court decline to exercise supplemental jurisdiction over them.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations arise in connection with his stay as a federal pretrial detainee at the Coastal Bend Detention Center (CBDC) in Robstown, Texas. In this action, Plaintiff sues the following entities and individuals: (1) The Geo Group, Inc (Geo); (2) Correct Care Solutions, LLC (CCS); (3) Coastal Bend Detention Center (CBDC); (4) Major Gulindo; (5) Sergeant Garcia; (6) Officer Ramirez; (7) Officer Dek; (8) Nurse Sanchez; (9) Nurse Dabbs; (10) LVN Medrano; and (11) John and Jane Does. He seeks monetary relief.

Plaintiff primarily claims in his original complaint that, during his confinement at the CBDC, Defendants violated his Eighth Amendment rights by denying him necessary heart medications on numerous occasions and subjecting him to unnecessarily harsh medical restraints. (D.E. 1). Plaintiff alleges that Defendants' conduct caused him to suffer additional heart attacks, to have additional open heart surgeries, and to incur greater damage to his heart.

Plaintiff states in the "Jurisdiction" section of his original complaint that his claims against Defendants arise pursuant to the laws of Texas and the Texas Tort Claims Act. (D.E. 1, p. 5). He further asserts that there is complete diversity between the parties. (D.E. 1, p. 5). Nevertheless, while referencing in general that he has state law claims

against Defendants, Plaintiff did not articulate any specific state law claims in his original complaint.

A *Spears*[1] hearing was conducted on September 16, 2019. Plaintiff provided the Court with testimony to expand upon his allegations raised in the original complaint. Plaintiff stated at the hearing that he had filed a lawsuit in state court based on the same allegations offered in this case. Plaintiff testified, however, that he had not heard anything about the status of his state court case.

On September 17, 2019, the undersigned ordered Plaintiff to file a More Definite Statement of the facts and state law issues involved in this action by responding to certain questions on or before November 1, 2019. (D.E. 12). Plaintiff was subsequently granted a seven-day extension to file his More Definite Statement. (D.E. 14). Plaintiff timely filed his More Definite Statement, alleging state law claims of negligence against the following defendants: (1) Geo; (2) CCS; (3) CBDC; (4) Major Gulindo; (5) Sergeant Garcia; (6) Officer Ramirez; (7) Nurse Sanchez; (8) Nurse Dabbs; (9) LVN Medrano; and (10) Jane and John Does. (D.E. 15, p. 2).

On January 17, 2020, the undersigned conducted a telephone hearing with Plaintiff on the issue as to whether the Court has diversity jurisdiction in this case. The following representations were made by Plaintiff at this hearing: At the time he filed his original complaint, Plaintiff was housed in a federal prison in West Virginia. Plaintiff has no family in West Virginia and was only in that state due to his federal incarceration.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff was subsequently transferred to his current place of incarceration, the FCI-Texarkana.

Plaintiff was born in California. Plaintiff subsequently settled in Texas in the 1990s. He testified that his legal residence is in Kingsville, Texas, where he lived immediately prior to arrest on federal charges. Until his arrest, Plaintiff had lived in Kingsville for two to three years. He lived in Edna, Texas prior to moving to Kingsville. The Federal Bureau of Prisons (BOP) lists Plaintiff's current residence as Kingsville, Texas. Before Plaintiff was incarcerated, he had a Texas driver's license, was registered to vote in Texas, and maintained bank accounts in Texas. Plaintiff states that he intends to return to Texas upon his release from federal prison as his family lives in Texas.

Plaintiff clarified that he filed his state court case against the same defendants in Nueces County. As of the date of the telephone hearing, Plaintiff had not heard anything about the status of his state court case.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## IV.   DISCUSSION

### A.   Section 1983 and *Bivens* Claims

To state a claim for relief under § 1983, a plaintiff is required to allege that he was deprived of a constitutional right by those acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). A *Bivens*[2] action is analogous to an action under § 1983, except that § 1983 applies to constitutional violations by state, rather than federal, actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Plaintiff claims in this action that Defendants have acted with deliberate indifference to his health and safety, in violation of the Eighth Amendment. Each of the Defendants named in this case, however, are private entities or employees. Thus, they are not subject to suit or liable under either § 1983 or *Bivens*. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017); *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013); *Faseler v. Coastal Bend Detention Center*, No. 2:16-CV- 457, 2017 WL 387197, at *3-4 (S.D. Tex. Jan. 27, 2017). Accordingly, it is respectfully recommended that Plaintiff's Eighth Amendment claims against all Defendants be dismissed with prejudice for failure to state a claim for relief.

---

[2] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

B.     **State Law Claims**

Plaintiff asserts state law claims of negligence against Defendants. (D.E. 15). He asserts that this Court has diversity jurisdiction with respect to his state law claims. Indeed, a district court's original jurisdiction exists where there is diversity jurisdiction. 28 U.S.C.§ 1332.

A federal district court has diversity jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). The diversity statute requires complete diversity of citizenship, meaning that all persons on one side of the controversy must not share the same citizenship as any one person on the other side. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). For the purposes of jurisdiction, diversity of citizenship must exist at the time the complaint is filed. *Mas v. Perry,* 489 F.2d 1396, 1398–99 (5th Cir. 1974).

In his original complaint, Plaintiff names as defendants several individuals who work at the CBDC and are citizens of Texas. (D.E. 1, pp. 2-4). Thus, for diversity jurisdiction to exist in this case regarding Plaintiff's state law negligence claims, Plaintiff must be considered a citizen of a state other than Texas. Plaintiff contends that this Court has diversity jurisdiction because he filed his original complaint while housed at a federal prison in West Virginia.

"In cases [such as the instant action] where a prisoner's citizenship is at issue, federal courts have held that [he] is a citizen of the state of which he was a citizen before

he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state." *Davis v. Guthrie*, No. 3:13-CV-1704, 2014 WL 46130, at *3 (N.D. Tex. Jan. 6, 2014) (internal quotations and citations omitted). This rule is "based on the notion . . . that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment." *Bridwell v. Ferrell*, No. 3:07-CV-1575, 2008 WL 2388715, at *2 (N.D. Tex. May 9, 2008) (citing *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977)).

In *Davis v. Guthrie*, Magistrate Judge Irma Carrillo Ramirez summarized as follows the applicable legal principles in determining a prisoner's citizenship for diversity jurisdiction purposes:

> "A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996); *see also* U.S. CONST. AMEND. XIV, § 1. Consequently, for purposes of determining diversity jurisdiction, a person's state citizenship is generally "regarded as synonymous with domicile." *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom ...'" *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.1974) (quoting *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954)).
>
> "[A]lthough the place of residence is prima facie the domicile," "residence alone is not the equivalent of citizenship," and "citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Stine,* 213 F.2d at 448. Accordingly, whenever a person relocates, there is a presumption that his or her domicile remains the same. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797–98 (5th Cir.2007) (citing *Coury,* 85 F.3d at 248)). This presumption may be defeated by a demonstration of "both (1) residence in a new state, and (2) an intention to remain in that state indefinitely." *Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 448 (5th Cir. 2003) (citing

*Coury,* 85 F.3d at 250). "There is no durational residence requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." *Id.*

The Fifth Circuit has identified several factors to consider in determining a person's "intention to establish domicile," such as "the places where [he] exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury,* 85 F.3d at 251 (citations omitted); *Hendry v. Masonite Corp.,* 455 F.2d 955, 956 (5th Cir. 1972). The Fifth Circuit has also emphasized that "[d]omicile is ... evaluated in terms of objective facts," and a person's "statements of intent are entitled to little weight when [they] conflict with [those] facts." *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 556 (5th Cir. 1985); *Hendry,* 455 F.2d at 956.

*Davis*, 2014 WL 46130, at *3-4 (footnote omitted).

Plaintiff testified at the hearing that: (1) he has no family in West Virginia and was only in that state due to his federal incarceration; (2) he settled in Texas in the 1990s; (3) his current legal residence is in Kingsville, Texas, where he lived immediately prior to his arrest on federal charges; (4) he had lived in Kingsville for two to three years before his arrest; (5) he lived in Edna, Texas before moving to Kingsville; (6) the BOP lists Plaintiff's current residence as Kingsville, Texas; and (7) before Plaintiff was incarcerated, he had a Texas driver's license, was registered to vote in Texas, and maintained bank accounts in Texas.

Plaintiff's testimony demonstrates that he established a Texas domicile prior to his federal incarceration. Based on Plaintiff's Texas domiciliary prior to his incarceration, Plaintiff is deemed a Texas citizen. *See Coury,* 85 F.3d at 249. Accordingly, he has

failed to meet his burden of establishing diversity jurisdiction on this basis. *See Bridwell*, 2008 WL 2388715, at *2 (holding that the plaintiff failed to meet his "burden of establishing the court's [diversity] jurisdiction" where "[h]is complaint [was] devoid of any allegations establishing that he was a Missouri resident immediately prior to his incarceration" in a Texas prison, and where all of the objective facts showed he was a resident of Texas at that time).

In order to rebut the presumption that he retains Texas citizenship based on his domicile prior to incarceration, Plaintiff must show that he intends to reside in another state after his release. *Davis*, 2014 WL 46130, at *5 (citations omitted). Plaintiff, however, has presented no evidence to rebut this presumption. Plaintiff instead testified at the telephone hearing that he intends to return to Texas upon his release from federal prison as his family lives in Texas.

Because no complete diversity of citizenship exists between Plaintiff and Defendants, the undersigned respectfully recommends that Plaintiff's state law claims of negligence be dismissed for lack of diversity jurisdiction.

### C. Supplemental Jurisdiction

A district court is authorized to exercise supplemental jurisdiction over all claims that are so related to the claims that provide the district court with original jurisdiction. 28 U.S.C. § 1367(a). However, that same statute provides that, if the district court dismisses the claims upon which federal jurisdiction was originally based, especially at the onset of a proceeding, it is prudent to decline to exercise supplemental jurisdiction over any state law claims and to dismiss those claims without prejudice. *Id.* § 1367(c);

*Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). *See also LaPorte Construc. V. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986) (when district court dismisses federal claims at a preliminary stage of litigation, judicial economy argues against exercise of supplemental jurisdiction over state claims).

Because Plaintiff's Eighth Amendment claims against Defendants are subject to dismissal, the undersigned respectfully recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's related negligence claims against Defendants.

## V.     RECOMMENDATION

Plaintiff's Eighth Amendment claims under either *Bivens* or § 1983 claims are unavailable against Defendants, who are all non-governmental entities. Accordingly, it is respectfully recommended that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), these constitutional claims be **DISMISSED with prejudice** for failure to state a claim for relief. It is further recommended that Plaintiff's state law claims of negligence against Defendants be **DISMISSED** for lack of diversity jurisdiction and on the basis that the Court decline to exercise supplemental jurisdiction over them.

Respectfully submitted this 24th day of January 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).